Wright, J.,
delivered the opinion of the Court.
That a corporation may be indicted, has been repeatedly held in England and America,'and is well settled in this State. It can no more omit its duty to individuals, or the public, than natural persons. Railway companies are liable to indictment for obstructing a public highway contrary to *524 the powers granted in their act. For instance, obstructing a carriage turnpike road, by the piers of a railway bridge. So also for cutting off a public highway, and obstructing travel upon it, without, and before, constructing a substitute, in the manner required by their act. Undoubtedly, so long as the company keeps within its charter, it is not liable. As to the power which a railway company has to make a road over, or across a public highway, the law is, that if possible, the work must be -constructed without any inconvenience to the public ; but if it cannot be done without some inconvenience, it must be done with the least possible inconvenience. This is so, whether the obstruction of the highway be expressly prohibited in the charter or not. If a bridge, or a substituted road be necessary to prevent the obstruction, the railway company must build it immediately, or in a reasonable time, and cannot delay it till their road is completed. The company must so use their own rights as not to injure or take away the rights of others. Redfield on Railways, 515-518. The Commonwealth of Pennsylvania v. The Erie and Northeast Railroad Company, 27 Penn. State Rep., 339.
These authorities and principles are decisive of this case. Here the obstruction of Spring street, a public highway in the town of Edgefield, had been, according to the- finding of the jury, kept up by the defendant, the Louisville and Nashville Railroad Company, for more than three years, by the intersection of the highway with its road, and when a bridge would have removed the nuisance. This it was the duty of the company to have built, not only under the general principles of the common law, but by the terms of its charter, in which it was made its duty, so to construct its road across a public road or highway, as not to impede the passage of persons, or property, along the same; and in which it was expressly prohibited from obstructing any public road, without constructing another as convenient as may be.
We do not deem it necessary in this case, to discuss the manner in which a corporation, under our practice, may be *525 coerced to appear to an-indictment, because it may appear by attorney, and did so in this ease, which removes all difficulty. Note 2 to Redfield on Railways, 515, 516.
The judgment of the Criminal Court will be affirmed.